# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JOHN MELFORD JAGADE,

      Petitioner,

    v.

JEFFERY BEARD,

      Respondent.

Case No.  1:13-cv-01277 LJO GSA HC

FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254.

## BACKGROUND

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a judgment of the Superior Court of California, County of Fresno. Petitioner was initially charged with ten counts of forgery, ten counts of receiving stolen property, two counts of identity theft, one count each of robbery, possession of a deadly weapon, driving under the influence, driving without a license, acquisition of access card information, and possession of burglary tools.  (LD[1] 3.)  Pursuant to a plea bargain, on October 14, 2011, Petitioner entered a plea of nolo contendere to one count of second degree robbery (Cal. Penal

---

[1] "LD" refers to the documents lodged by Respondent with his response.

1  Code § 211), one count of identity theft (Cal. Penal Code § 530.5(c)(3)), and one count of

2  misdemeanor driving under the influence.  (LD 2, 3, 4.)  On February 2, 2012, he was sentenced

3  to a determinate term of six years and four months in state prison. (LD 2.)

4      On October 2, 2012, Petitioner filed a petition for writ of habeas corpus in the California

5  Court of Appeal, Fifth Appellate District.  (LD 5.)  The petition was denied without comment on

6  January 9, 2013.  (LD 6.)  On February 12, 2013, he filed another habeas petition in the Fifth

7  District Court of Appeal.  (LD 7.)  The appellate court denied the petition without comment on

8  March 21, 2013.  (LD 8.)  On April 10, 2013, Petitioner filed a habeas petition in the California

9  Supreme Court.  (LD 9.)  The petition was summarily denied on June 26, 2013.  (LD 10.)

10     On August 9, 2013, Petitioner filed the instant federal habeas petition in this Court.  He

11 raises the following grounds for relief: 1) Defense counsel rendered ineffective assistance of

12 counsel; 2) His plea was not entered voluntarily and knowingly because he was not taking his

13 prescribed psychotropic medication, and because counsel coerced him into taking the plea deal;

14 3) His sentence pursuant to the Three Strikes law violates principles of double jeopardy and ex

15 post facto because the prior "strike" convictions occurred prior to the effective date of the Three

16 Strikes law; and 4) His due process rights were violated when defense counsel failed to provide

17 him with a copy of defense counsel's declaration during his initial habeas proceeding.   On

18 November 21, 2013, Respondent filed an answer to the petition.   On December 24, 2013,

19 Petitioner filed a traverse.

20                              **DISCUSSION**

21      **A.    Jurisdiction**

22     Relief by way of a petition for writ of habeas corpus extends to a person in custody

23 pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws

24 or treaties of the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v.

25 Taylor, 529 U.S. 362, 375 (2000).  Petitioner asserts that he suffered violations of his rights as

26 guaranteed by the U.S. Constitution.  The challenged conviction arises out of Fresno County

27 Superior Court, which is located within the jurisdiction of this Court.  28 U.S.C. § 2254(a); 28

28 U.S.C. § 2241(d).

                                    2

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

**B.      Standard of Review**

Under the AEDPA, relitigation of any claim adjudicated on the merits in state court is barred unless a petitioner can show that the state court's adjudication of his claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); Harrington v. Richter, __ U.S. __, __, 131 S.Ct 770, 784, 178 L.Ed.2d 624 (2011); Lockyer v. Andrade, 538 U.S. 63, 70-71 (2003); Williams, 529 U.S. at 413.

As a threshold matter, this Court must "first decide what constitutes 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71 (quoting 28 U.S.C. § 2254(d)(1)). In ascertaining what is "clearly established Federal law," this Court must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 592 U.S. at 412. "In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Id. In addition, the Supreme Court decision must "'squarely address [] the issue in th[e] case' or establish a legal principle that 'clearly extend[s]' to a new context to the extent required by the Supreme Court in . . . recent decisions"; otherwise, there is no clearly established Federal law for purposes of review under AEDPA. Moses v. Payne, 555 F.3d 742, 754 (9th Cir.2009) (quoting Wright v. Van Patten, 552 U.S. 120, 125 (2008)); Panetti v. Quarterman, 551 U.S. 930 (2007); Carey v. Musladin, 549 U.S. 70 (2006). If no clearly established Federal law exists, the inquiry is at an end and the Court must defer to the state court's decision. Carey, 549 U.S. 70; Wright, 552 U.S. at 126; Moses, 555 F.3d at 760.

If the Court determines there is governing clearly established Federal law, the Court must then consider whether the state court's decision was "contrary to, or involved an unreasonable application of," [the] clearly established Federal law." Lockyer, 538 U.S. at 72 (quoting 28 U.S.C. § 2254(d)(1)).  "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412-13; see also Lockyer, 538 U.S. at 72.  "The word 'contrary' is commonly understood to mean 'diametrically different,' 'opposite in character or nature,' or 'mutually opposed.'" Williams, 529 U.S. at 405 (quoting Webster's Third New International Dictionary 495 (1976)).  "A state-court decision will certainly be contrary to [Supreme Court] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." Id.  If the state court decision is "contrary to" clearly established Supreme Court precedent, the state decision is reviewed under the pre-AEDPA de novo standard.  Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir.2008) (en banc).

"Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.  "[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." Id. at 411; see also Lockyer, 538 U.S. at 75-76.  The writ may issue only "where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme Court's] precedents." Harrington, 131 S.Ct. at 784.  In other words, so long as fairminded jurists could disagree on the correctness of the state courts decision, the decision cannot be considered unreasonable.  Id.  If the Court determines that the state court decision is objectively unreasonable, and the error is not structural, habeas relief is nonetheless unavailable unless the error had a substantial and injurious effect on the verdict. Brecht v. Abrahamson, 507 U.S. 619,

637 (1993).

Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent.  Baylor v. Estelle, 94 F.3d 1321, 1325 (9th Cir. 1996).  Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable.  See LaJoie v. Thompson, 217 F.3d 663, 669 (9th Cir.2000); Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir.1999).

AEDPA requires considerable deference to the state courts.  "[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits," and "evidence introduced in federal court has no bearing on 2254(d)(1) review." Cullen v. Pinholster, __ U.S. __, __, 131 S.Ct. 1388, 1398-99 (2011).  "Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." Miller-El v. Cockrell, 537 U.S. 322, 340 (2003) (citing 28 U.S.C. § 2254(e)(1)).  However, a state court factual finding is not entitled to deference if the relevant state court record is unavailable for the federal court to review.  Townsend v. Sain, 372 U.S. 293, 319 (1963), *overruled by*, Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992).

**C.     Review of Claims**

1.     Ineffective Assistance of Counsel

Petitioner alleges defense counsel rendered ineffective assistance by: 1) failing to file a motion to dismiss based on destruction or concealment of evidence; 2) failing to challenge the prior "strike" convictions; and 3) failing to correct the notice of appeal to reflect that Petitioner wished to raise sentencing issues.

Petitioner presented this claim by habeas petition to the California Court of Appeal and the California Supreme Court.  The claim was denied without comment.  In such a case as this where the decision is unexplained, the Supreme Court has stated that "a habeas court must determine what arguments or theories supported . . . or could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court."

1  Harrington, 131 S.Ct at 784.  Petitioner bears the burden of showing that "there was no

2  reasonable basis" for the state court decision. Pinholster, 131 S.Ct. at 1402.

3      The law governing ineffective assistance of counsel claims is clearly established.

4  Canales v. Roe, 151 F.3d 1226, 1229 (9th Cir. 1998.)  In a petition for writ of habeas corpus

5  alleging ineffective assistance of counsel, the court must consider two factors.  Harrington, 131

6  S.Ct. at 787; Strickland v. Washington, 466 U.S. 668, 687 (1984); Lowry v. Lewis, 21 F.3d 344,

7  346 (9th Cir. 1994).  First, the petitioner must show that counsel's performance was deficient,

8  requiring a showing that counsel made errors so serious that he or she was not functioning as the

9  "counsel" guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687.  The petitioner must

10 show that "counsel's representation fell below an objective standard of reasonableness," and

11 must identify counsel's alleged acts or omissions that were not the result of reasonable

12 professional judgment considering the circumstances. Harrington, 131 S.Ct. at 787 (citing

13 Strickland, 466 U.S. at 688); United States v. Quintero-Barraza, 78 F.3d 1344, 1348 (9th Cir.

14 1995).  Petitioner must show that counsel's errors were so egregious as to deprive defendant of a

15 fair trial, one whose result is reliable.  Strickland, 466 U.S. at 688.  Judicial scrutiny of counsel's

16 performance is highly deferential.  A court indulges a "'strong presumption' that counsel's

17 representation was within the 'wide range' of reasonable professional assistance." Harrington,

18 131 S.Ct. at 787 (quoting Strickland, 466 U.S. at 687); Sanders v. Ratelle, 21 F.3d 1446, 1456

19 (9th Cir.1994).

20     Second, the petitioner must demonstrate prejudice, that is, he must show that "there is a

21 reasonable probability that, but for counsel's unprofessional errors, the result ... would have been

22 different." Strickland, 466 U.S. at 694.  "It is not enough 'to show that the errors had some

23 conceivable effect on the outcome of the proceeding.'" Harrington, 131 S.Ct. at 787 (quoting

24 Strickland, 466 U.S. at 693).  "Counsel's errors must be 'so serious as to deprive the defendant

25 of a fair trial, a trial whose result is reliable.'" Harrington, 131 S.Ct. at 787-788 (quoting

26 Strickland, 466 U.S. at 687).  A court need not determine whether counsel's performance was

27 deficient before examining the prejudice suffered by the petitioner as a result of the alleged

28 deficiencies.  Strickland, 466 U.S. at 697.  Since the defendant must affirmatively prove

1  prejudice, any deficiency that does not result in prejudice must necessarily fail.

2      Establishing that a state court's application of Strickland was unreasonable under 28

3  U.S.C. § 2254(d) is very difficult. Harrington, 131 S.Ct. at 788.  Since the standards created by

4  Strickland and § 2254(d) are both 'highly deferential,' when the two are applied in tandem,

5  review is 'doubly' so. Harrington, 131 S.Ct. at 788 (quoting Knowles v. Mirzayance, 556 U.S.

6  111, 123 (2009)).

7          a.      **Motion to Dismiss Charges**

8      Petitioner first complains that defense counsel failed to move to dismiss the robbery

9  charge based on destruction of evidence.

10      As Respondent correctly notes, Tollett v. Henderson limits habeas claims by state

11  prisoners that have pled guilty or nolo contendere.  Under Tollett, a prisoner cannot attack pre-

12  plea constitutional violations unless the violations concern the voluntary and intelligent nature of

13  the guilty plea itself.  Tollett v. Henderson, 411 U.S. 258, 267 (1973) ("When a criminal

14  defendant has solemnly admitted in open court that he is in fact guilty of the offense with which

15  he is charged, he may not thereafter raise independent claims relating to the deprivation of

16  constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the

17  voluntary and intelligent character of the guilty plea . . .").  Therefore, Petitioner's challenge to

18  defense counsel's actions prior to the plea are barred under Tollett.

19      Even if the claim could be considered, it is clearly meritless.  Counsel is under no duty to

20  raise a frivolous motion.  Jones v. Barnes, 463 U.S. 745 (1983).  As noted by Respondent,

21  California law does not allow for sanctioning the prosecution for "nonmalicious loss or

22  destruction of evidence in the possession of a third party that is not subject to control by the

23  prosecution." People v. Gopal, 171 Cal.App.3d 524, 542 (1985).  In this case, the evidence at

24  issue, a store surveillance video, was not obtained by the police. (Petition at 45.)  In fact, the

25  store taped over the video according to its regular practice.  Therefore, had counsel filed a

26  motion to dismiss charges on this basis, there is no reasonable likelihood it would have been

27  granted.  Accordingly, the state court reasonably concluded that counsel did not err, and that

28  Petitioner did not suffer prejudice.

**b.      Prior Strike Convictions**

Petitioner next argues that counsel failed to challenge the prior strike convictions on the basis that the prior convictions could not constitute strikes because they preceded the enactment of the Three Strikes law.

Petitioner cannot demonstrate ineffective assistance because defense counsel did in fact seek dismissal in the interest of justice, and the trial court struck one of the priors thereby saving Petitioner from a life sentence.  (Petition at 46; LD 4.)  In addition, a motion for dismissal on Petitioner's asserted basis would have been futile since the California Supreme Court had previously held that the trial court has no duty to advise the pleading defendant that the conviction could be used to increase a future sentence.  <u>People v. Gurule</u>, 28 Cal.4th 557, 634 (2002).  Therefore, Petitioner cannot demonstrate that counsel erred or that Petitioner suffered prejudice.

**c.      Notice of Appeal**

Pursuant to Cal. Penal Code § 1237.5, in order to appeal a judgment of conviction by plea of guilty or nolo contendere, the defendant must file "with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings." Cal. Penal Code § 1237.5(a).  Then, the trial court must execute a certificate of probable cause.  Cal. Penal Code § 1237.5(b).  The defendant must also file a notice of appeal.  Cal. Rules of Court § 8.304(a).  To the extent the grounds for appeal concern issues after entry of plea and do not bear on the plea's validity, a written statement and certificate of probable cause are not required.  Cal. Rules of Court § 8.304(b).

In this case, Petitioner was sentenced on February 2, 2012.  Defense counsel filed a notice of appeal on February 28, 2012, along with a request for certificate of probable cause.  (Petition at 50-51.)  The notice of appeal indicated that the appeal challenged the validity of the plea.  (<u>Id</u>.)  It did not indicate that Petitioner was raising post-plea issues, such as sentencing matters.  (<u>Id</u>.)  On February 28, 2012, the trial court denied the application for certificate of probable cause.  (<u>Id</u>. at 51-52.)

1    On March 21, 2012, Central California Appellate Program ("CCAP") sent defense
2    counsel a letter advising him that the notice of appeal was defective because counsel had failed
3    to note that the appeal concerned sentencing issues.  (Petition at 27.)  CCAP advised counsel that
4    there was still time in which to cure the defect.  Defense counsel stated he did not recall ever
5    receiving this letter; if he had, he would have filed an amended notice of appeal.  (Petition at 46.)

6    Petitioner argues counsel rendered ineffective assistance by ignoring and failing to act on
7    the letter from CCAP, thereby failing to perfect his notice of appeal with respect to sentencing
8    issues.  Petitioner's claim is without merit.  Although defense counsel did not perfect the appeal
9    to include sentencing issues, the state court reasonably determined that his failure did not
10   constitute ineffective assistance.  As pointed out by Respondent, Petitioner only raised one claim
11   concerning sentencing, to wit, that his prior convictions could not be used as strikes since they
12   predated the Three Strikes law.  That claim, as previously discussed, is meritless since it was
13   firmly established California law that convictions predating the Three Strikes law could
14   constitute strikes.  Gurule, 28 Cal.4th at 634; People v. Sipe, 36 Cal.App.4th 468, 478-79 (1995).
15   Thus, Petitioner cannot show ineffectiveness insofar as counsel cannot be faulted for failing to
16   raise a meritless claim on appeal.[2]  In addition, he suffered no prejudice from counsel's alleged
17   ineffectiveness because the appeal would certainly have been rejected.  The claim should be
18   denied.

19            2.      Involuntary and Unknowing Plea

20   Petitioner next claims he did not enter his plea voluntarily or knowingly because: 1) he
21   was not taking his psychotropic medication at the time of plea; and 2) defense counsel coerced
22   him into pleading nolo contendere.  This claim was raised by habeas petition before the
23   California Supreme Court where it was denied without comment.  Therefore, the Court must
24   determine whether it is possible fairminded jurists could disagree that the state court decision

---

[2] In Roe v. Flores-Ortega, the Supreme Court addressed the framework for evaluating a claim of ineffective assistance of counsel for counsel's failure to timely file a notice of appeal without the defendant's consent. Roe v. Flores-Ortega, 528 U.S. 470, 473 (2000).  For purposes of § 2254(d) review however, Flores-Ortega is not controlling since defense counsel in this case did file a notice of appeal concerning the validity of the plea.  Flores-Ortega does not "squarely address" the issue.  Wright v. Van Patten, 552 U.S. 120, 125 (2008); Panetti v. Quarterman, 551 U.S. 930 (2007); Carey v. Musladin, 549 U.S. 70 (2006).

1   was inconsistent with the holding of the Supreme Court. Harrington, 131 S.Ct at 784.

2       A plea of guilty is constitutionally valid only to the extent it is "voluntary" and
3   "intelligent." Brady v. United States, 397 U.S. 742, 748 (1970). In determining whether a plea
4   was knowingly, voluntarily and intelligently made, a reviewing court must accord a strong
5   presumption of verity to the declarations made by a defendant in open court. Blackledge v.
6   Allison, 431 U.S. 63, 74 (1977).  "[R]epresentations [made by] the defendant, his lawyer, and the
7   prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea,
8   constitute a formidable barrier in any subsequent collateral proceedings." Id. at 73-74.
9   Furthermore, Petitioner's allegations of a coerced plea must be specific and point to a real
10  possibility of a constitutional violation. "[S]ubsequent presentation of conclusory allegations
11  unsupported by specifics is subject to summary dismissal, as are contentions that in the face of
12  the record are wholly incredible." Id. at 74 (citing Machibroda v. United States, 368 U.S. 487,
13  495-496 (1962)); Price v. Johnston, 334 U.S. 266, 286-287 (1948).

14      Petitioner's claims are conclusory and unsupported by any facts.  First, Petitioner does
15  not state he was suffering from any adverse effects as a result of not taking his medication.
16  Petitioner states he was not taking his psychotropic medications but merely claims he "could go
17  psychotic going cold turkey" without his medication. (Petition at 7.)  Thus, he does not even
18  claim he was mentally compromised let alone establish reasonable grounds to believe he was.  A
19  bare allegation of a mental condition is insufficient to undermine the plea's validity. Cacoperdo
20  v. Demosthenes, 37 F.3d 504, 510 (9th Cir.1994) (conclusory allegation that defendant was
21  "suffering mental illness at the time the alleged incidents took place and may still be suffering
22  from mental illness" not sufficient to "raise a reasonable doubt concerning [defendant's]
23  competency to stand trial"); see also United States v. Williams, 998 F.2d 258, 267 (5th Cir.1993)
24  (rejecting a defendant's incompetency claim when he "supplied only the bare allegation that he
25  has a 'history of mental problems,' and has been 'under medical and psychiatric care as well as
26  medication.'").  The claim is completely conclusory and does not warrant relief.  Jones v.
27  Gomez, 66 F.3d 199, 205 (9th Cir.1995).

28      Petitioner also claims defense counsel coerced him into agreeing to the plea bargain by

threatening him with a life sentence.  As correctly noted by Respondent, although several courts have found that coercion by a defendant's own attorney can render a plea involuntary, see Iaea v. Sunn, 800 F.2d 861, 867 (9th Cir.1986), the Supreme Court has not squarely addressed the issue. Since there is no clearly established Supreme Court authority, habeas relief is unavailable. Wright v. Van Patten, 552 U.S. at 125-26.

Moreover, the actions Petitioner complains of were not coercive.  He states counsel threatened him with a life sentence, but the threat of a life sentence did not come from defense counsel as he had no power to give Petitioner a life sentence.  The threat came from the numerous charged felonies and Petitioner's criminal history.  The reality was Petitioner faced not just one, but multiple consecutive life sentences pursuant to the Three Strikes law.[3] Defense counsel may have strongly encouraged Petitioner to take the plea deal but this can hardly be considered coercion, especially considering the six-year determinate term Petitioner received under the plea bargain.  In any case, defense counsel stated he never pressured Petitioner into taking the deal.  (Petition at 45.)  He stated he told Petitioner "on numerous occasions in jail and court meetings that [he] was ready, willing, and able to litigate all his cases through preliminary hearing and trial." (Petition at 44-45.)  Counsel further advised Petitioner that Petitioner alone had to decide whether to enter a plea and "that he had an absolute right to go to trial on any or all of his cases."  (Petition at 45.)  When Petitioner stated his indecision, counsel advised him to "simply proceed to preliminary hearing as well as investigate his case further." (Petition at 45.) On the date of the hearing, Petitioner "appeared quite certain that he wanted to enter his plea." (Petition at 45.)  For the foregoing reasons, a fairminded jurist could conclude Petitioner's plea was voluntary.  The claim should be rejected.

3.   Ex Post Facto and Double Jeopardy

Petitioner next claims that the doubling of his sentence under the Three Strikes law violated ex post facto and double jeopardy principles, since the prior convictions preceded the

---

[3] Pursuant to California's Three Strikes law at that time (Cal. Penal Code § 1170.12(a)(6), (c)(2), Petitioner was faced with twenty-five-years-to-life sentences on each of the 24 felony counts, and consecutive sentences were required for each felony count "not committed on the same occasion, and not arising from the same set of operative facts . . . ."

Three Strikes law and therefore could not be considered "strikes."   Respondent contends the claim is unexhausted and without merit.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 8-10 (1992) (factual basis).

Here, Petitioner did not argue his sentence violated double jeopardy or ex post facto principles before the California Supreme Court.  Therefore, Respondent is correct that the claim is unexhausted and should be dismissed.   Nevertheless, the claim is meritless and should therefore be denied. 28 U.S.C. § 2254(b)(2).  As stated by the Ninth Circuit, "'the enhanced punishment imposed for the later offense is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes, but instead is a stiffened penalty for the latest crime.'" Simpson v. Thomas, 528 F.3d 685, 689-90 (9th Cir.2008) (quoting United States v. Kaluna, 192 F.3d 1188, 1198-99 (9th Cir.1999) (en banc).

4.     Failure to Provide Copies

During Petitioner's initial habeas petition before the state appellate court, defense counsel was invited to respond to Petitioner's claims of ineffective assistance.   Defense counsel submitted his response to the appellate court, but later, Petitioner complained that he had not received counsel's response.   The appellate court denied the petition.   Subsequently, the

appellate court advised Petitioner that it had already rendered its decision, but Petitioner could file a new petition, and the court provided Petitioner with a copy of defense counsel's declaration.   Petitioner then filed a new habeas petition in the appellate court wherein he responded to counsel's declaration.   Again, the petition was denied.   Petitioner now claims he was denied his due process rights when defense counsel failed to provide him with his declaration during the initial habeas proceeding.

Respondent correctly argues that the claim is not cognizable, because "federal habeas relief is not available to redress alleged procedural errors in state post-conviction proceedings." Ortiz v. Stewart, 149 F.3d 923, 939 (9th Cir.1998).   In addition, Petitioner suffered no prejudice since the appellate court did consider Petitioner's arguments during the second habeas proceeding.   The claim should be rejected.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

1

**RECOMMENDATION**

2        Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas

3   corpus be DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter

4   judgment.

5        This Findings and Recommendation is submitted to District Judge Lawrence J. O'Neill

6   pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of

7   Practice for the United States District Court, Eastern District of California.  Within thirty (30)

8   days after being served with a copy of this Findings and Recommendation, any party may file

9   written objections with the Court and serve a copy on all parties.  Such a document should be

10  captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the

11  Objections shall be served and filed within fourteen (14) days after service of the Objections.

12  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).

13  The parties are advised that failure to file objections within the specified time may waive the

14  right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

15

16

IT IS SO ORDERED.

17

18    Dated:   **February 14, 2014**                          **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28